UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIVADAR SZABO,

                        Plaintiff,

       v.

MCC CONTRACTOR LLC and BR 31, LLC,

                       Defendants.

20-CV-7253

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiff Tivadar Szabo requests leave of Court to add third-party defendant Eastbound Construction LLC as a direct defendant in the main action. (Pl.'s Mot. at 1, ECF No. 53.) Because plaintiff can show good cause for the amendment and the amendment will not prejudice Eastbound, the Court grants the motion.

**I. DISCUSSION**

    Plaintiff filed this personal injury suit against defendants MCC Contractor, LLC and BR 31, LLC on September 4, 2020. (Compl., ECF No. 1.) MCC Contractor served Arc Steel Supply 2020 Inc. and Eastbound Construction LLC with third party complaints on January 13, 2021. (ECF No. 25.) The alleged liability of all defendants and third-party defendants arises from the same set of facts: that Szabo, while working on the construction site at the premises owned by BR 31 on July 13, 2020, fell from an elevated height and sustained injuries and emotional distress. (Compl. ¶ 36, 54.)

    Eastbound is a general contractor that BR 31 employed to work at the site of Szabo's injury. (Pl.'s Mot. Ex. A ¶ 25-26, ECF No. 53-1.) Existing defendant Arc Steel Supply, which is the company that employed Szabo, was a subcontractor for Eastbound. (*Id.* ¶ 31.) Eastbound opposes plaintiff's motion.

    Federal Rule of Civil Procedure 21 allows courts "at any time, [and] on just terms," to "add or drop a party." Fed. R. Civ. P. 21. Federal Rule of Civil Procedure 15 permits a party to amend its pleading—including to add a party—once as a matter of course within 21 days after serving the pleading, or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave [to amend] when justice so requires." *Id.*

However, "once a scheduling order has been entered in an action, Rule 16(b)," rather than Rule 15, "governs a motion to amend." *Youngers v. Virtus Inv. Partners Inc.*, No. 15-CV-8262, 2017 WL 5991800, at *3 (S.D.N.Y. Dec. 4, 2017) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000)). Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent," where "'good cause' depends on the diligence of the moving party." Fed. R. Civ. P. 16(b)(4); *Parker*, 204 F.3d at 340.

Because the Court entered a scheduling order in this action on December 16, 2020, which specified that the last day to move to add new parties to the case was January 29, 2021, (Order, ECF No. 24), the less permissive Rule 16(b) standard governs here and the plaintiff must show good cause for the amendment.

In deciding whether to allow a party to amend a pleading under Rule 16(b), "[c]ourts have consistently recognized that if a party learns new facts through discovery that were unavailable prior to the applicable deadline and moves promptly to name new parties based on such facts, leave to amend is appropriate." *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-CV-3526, 2016 WL 6083956, at *5 (S.D.N.Y. Oct. 17, 2016). However, "if the proposed amendment relies on information that the party knew or should have known prior to the deadline, leave to amend is properly denied." *Liverpool v. Davis*, No. 17-CV-3875, 2020 WL 7398745, at *3 (S.D.N.Y. Dec. 17, 2020) (internal quotation marks omitted) (quoting *Soroof Trading Dev. Co., Ltd., v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012)). The Court may also consider "whether allowing the amendment of the pleading at [the relevant stage] of the litigation will prejudice defendants." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "In other words, in deciding whether there is 'good cause' to amend under Rule 16(b), a trial court may consider not only the diligence of the moving party but also the prejudice to the opposing party." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014).

Analysis of the Rule 16 standard weighs in favor of granting plaintiff's motion to add Eastbound as a party. In this case, plaintiff alleges that it learned new facts through discovery that were previously unavailable: facts contained in Eastbound's Rule 26 Initial Disclosure "that potentially may lead to third-party defendant Eastbound being liable for injuries sustained by Mr. Szabo on the date of the subject occurrence." (Pl.'s Mot. at 2, ECF No. 53; *see Ramsay-Nobles v. Keyser*, No. 16-CV-5778, 2018 WL 6985228, at *8 (S.D.N.Y. Dec. 18, 2018) (noting that a party may demonstrate good cause by showing "that they learned additional information underlying [the proposed new claims] through discovery").

Moreover, Eastbound has failed to provide evidence that it will be prejudiced by plaintiff's motion. Indeed, discovery has not yet been completed in this case. Plaintiff avers that no depositions have been conducted, (Pl.'s Mot. at 2, ECF No. 53), and the Court extended the deadlines for fact discovery until June 23, for the exchange of expert reports until July 21, and for the completion of expert depositions until August 16. (Order, ECF No.


39.) In addition, the Court hereby grants the parties' joint request for a further extension of the deadlines—September 23 for fact discovery, October 21 for expert reports, November 16 for expert depositions, and November 18 at 10:00 AM for a pretrial conference in Courtroom 23A. (Pl.'s Mot. at 2-3, ECF No. 53.)  Considering these extended deadlines, Eastbound will have ample time to conduct any needed discovery.

## II. CONCLUSION

For the foregoing reasons, plaintiff's motion to add third-party Eastbound Construction LLC as a direct defendant in the main action is GRANTED. The Court also grants the parties' letter motion dated June 21, 2021 requesting further extensions of fact discovery. (ECF No. 53.)

Dated:  New York, New York
         July 29, 2021

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.